IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TAYLRE KORECKY,

    Plaintiff,                                            Case No. 9:19-cv-80884

v.

USAA FEDERAL SAVINGS BANK,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, Taylre Korecky ("Plaintiff"), hereby sues the Defendant, USAA Federal Savings Bank ("USAA"), and alleges:

### *Parties, Jurisdiction and Venue*

1.       Plaintiff is an individual and a resident of Palm Beach County, Florida.

2.       USAA is a foreign corporation with its principal place of business in San Antonio, TX.

3.       This is an action brought pursuant to 47 U.S.C. § 227. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4.       This Court has supplemental jurisdiction over the state law claim in this action under 28 U.S.C. § 1367 because the state law claim is so related to the claim over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

6. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

### *Factual Allegations*

7. Plaintiff had a credit card account (the "USAA Account") with USAA. Plaintiff was unable to pay the balance on the USAA Account as it came due.

8. USAA began calling the Plaintiff's cellular telephone to collect the balance on the USAA Account. USAA called Plaintiff's cellular telephone 5-7 times a day for more than two months.

9. Plaintiff clearly and definitely demanded that USAA stop calling her twice during telephone conversations with USAA's representatives.

10. When Plaintiff demanded that USAA stop calling her, Plaintiff revoked any consent that USAA may have had to contact the Plaintiff with an artificial or prerecorded voice.

11. After Plaintiff demanded that USAA stop calling her, USAA called Plaintiff's cellular telephone numerous times using an artificial and/or prerecorded voice.

12. USAA directed the above-described phone calls to Plaintiff in the Southern District of Florida, and Plaintiff received the calls in the Southern District of Florida.

### COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

13. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

14. USAA called Plaintiff's cellular telephone using an artificial and prerecorded voice without Plaintiff's prior express consent.

15. The conduct of USAA constituted multiple violations of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Because Plaintiff clearly revoked consent for USAA to contact her, and USAA knowing called Plaintiff using artificial and prerecorded voice after such revocation, USAA's violations of the TCPA were knowing and willful.

17. As a direct and proximate result of the wrongful conduct of USAA, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, USAA Federal Savings Bank, for actual damages, statutory damages in the amount of $1,500.00 for each violation of the TCPA, court costs, injunctive relief, and any other further relief this Court deems just and proper.

### COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

18. Plaintiff incorporates and realleges paragraphs 1 through 12 as if stated fully herein.

19. The conduct of USAA constituted violations of Section 559.72(7), *Florida Statutes*.

20.     Additionally, on March 20, 2019, USAA called the Plaintiff. During that call, the Plaintiff told USAA that she had an attorney and provided her attorney's name and telephone number. Despite having knowledge that the Plaintiff was represented by an attorney and being able to readily ascertain the attorney's name and address, USAA called the Plaintiff again on March 26, 2019. This conduct constituted a violation of Section 559.72(18), *Florida Statutes*.

21.     As a direct and proximate result of the wrongful conduct of USAA, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, Taylre Korecky, hereby demands judgment against the Defendant, USAA Federal Savings Bank, for actual damages, statutory damages in the amount of $1,000.00, court costs, injunctive relief, and any other further relief this Court deems just and proper.

### *Demand for Attorney's Fees & Costs*

Pursuant to Section 559.77(2), *Florida Statutes*, Plaintiff Taylre Korecky hereby demands an award of the attorney's fees and costs incurred in this matter.

### *Demand for Jury Trial*

Plaintiff Taylre Korecky hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

DATED: July 7, 2019.                    Respectfully submitted,

/s/ Joshua A. Mize
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800

Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,
Taylre Korecky*